**FILED**

OCT 1 4 2015

Clerk, U.S. District and
Bankruptcy Courts

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

EDWARD STARLING                     )
P.O. BOX 6746                       )
ATLANTA, GA 30315                   )
(770)703-4995                       )
                                    )
        Plaintiff,                  )        Case: 1:15-cv-01685
                                    )        Assigned To : Mehta, Amit P.
        vs.                         )        Assign. Date : 10/14/2015
                                    )        Description: Pro Se Gen. Civil (F Deck)
C. ASHLEY ROYAL                     )
475 MULBERRY STREET                 )
MACON, GA 31201,                    )
                                    )
        Defendant.                  )
_____    )

COMPLAINT FOR DELIBERATE INDIFFERENCE TO
UNITED STATES CONGRESS LEGISLATED UNITED
STATES CONSTITUTIONAL GUARANTEES

I.

SUMMARY [STATEMENT OF FACTS] IN
SUPPORT OF [ALL ENTITLED]
RELIEFS SOUGHT HEREIN

1.   The [Extraordinary And Unpresented Facts] that

Clearly set out Plaintiff's [Grievance(s)] in the Body of

this patently clear Entitled Complaint as presented herein-

below, Adjudicated against former Chief District Court Chief

Judge Wilbur D. Owens, Junior, from the Year 1985 and then

continuing up to the Year 2007; wherein he commenced without

subject-matter or personal jurisdiction; Criminal Case Number

85-16-MAC(WDO); in Open Court; before a Seated Federal Jury;

on 12/16/85 through 12/17/85; when; at 457 P.M. on 12/17/85;

he; on [his own motion]; stopped the ongoing incomplete trial

RECEIVED
AUG 2 5 2015
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

with instructions for [the seated Federal Jury Members] to report for duty at 9:00 A.M. on 12/18.85; in the presence of a large News Media Presence; upon his [HOLDINGS] entered after hearing the Sworn Testimony of Government's Witnesses as being ["INSUFFICIENT"] to sustain any Charge in the Government Indictment, and all of the Government's Evidence presented, and due to be presented, was ["NOT PROBATIVE"] to suatain any Charge in the Government Indictment.

2.   However, instead of "continuing with the incomplete Trial in Open Court" on 12/18/85; as he had instructed the Seated Federal Jury at 4:47 P.M. on 12/17/85; in the presence of a large News Media; he resorted to what he termed as "A PROCEEDING IN CHAMBERS" instead; where he sat [as a Person] not [as a Judge]; and disclosed [The Fact] that he had Dismissed the Seated Federal Jury "with instructions to report for Jury Duty to complete the incomplete Case Number in Open Court after the passing of the Holiday Season"; meaning Christmas and New Years.  Plaintiff was given the same instructions.

3.   Thereafter, on January 10, 1986, Plaintiff filed A Motion For A Ruling, which is synonymous with An Acquittal Of All Charges; based upon his 12/17/85 [HOLDINGS ENTERED]; as well as For The Payments of Tax Refunds and Middleman Fees Adjudged to Plaintiff and Plaintiff's 1100 Tax Clients; done in the U.S. Tax Court pursuant to Notice Of Deficiency Letters issued by the IRS for ["Substantiation of Itemized Deductions Only"]; pursuant to I.R.C. Title 26, U.S.C.A., Section 6212(a); which; but not for the Commissioner's Tax Fraud [Indefinite Continuance] to [TRANSFER] all 1100 Cases ["For Re-Trial"] in

the U.S. District Court ["Characterized as False Tax Returns
after-the-fact"]; wherein the U.S. Tax Court [TRANSFERRED]
all "Payments Authority For All 1100 Adjudged Claims to the
U.S. District Court"; per the Commissioner's "instructions
to let's see how [HE]; meaning the Plaintiff herein; comes-
out [DOWN THERE FIRST] before releasing [ANY] Funds."  Id.

4.  Chief Judge Owens [REPLY] to Plaintiff's Motion For
A Ruling as well as a Final Judgment Payment Order was:  "[M]
r Starling, this Court has [NO AUTHORITY]---[NO JURISDICTION]
----over anyone's Tax Refunds--except, where the Taxpayers
have [PAID] the additional alleged Tax Owed and filed Lawsuits
For Refunds---therefore, the Court--cannot--respond to your
Motion of 01/10/86."  Id.  Dated January 17, 1986.

5.  Judge Owens summoned Plaintiff to return to Court
on March 7, 1986 for what the Court Clerk led me to believe
was for to complete incomplete Case Number 85-16-MAC(WDO), so
upon arrival when the Calender Call for Plaintiff to appear,
In reference to Judge Owens 01/17/86 comments about paying
the Lost Tax Refunds and Middleman Fees which at that time
totaled $462,000.00; Plaintiff; once again; requested An
ORDER be entered for the payments thereof; but instead; Judge
Owens ["put-in-place"] a Four Phase ["Diabolical Plan"] to
Aid and Abet the Commissioner's ["Scheme To Evade Paying the
Taxpayers and Plaintiff's Legitimate Money Claims altogether"
which amounts to out-right Tax Fraud in Fact and Law.

6.  The Four Phase Diabolical Plan of Judge Owens to
Aid and Abet the Commissioner was as follows:  A) Commit
Plaintiff to the Custody of the U.S. Attorney General under

a Five Year Intermediate Order; an Order made between the
[commencement] of the action and its [final determination],
incident to and during its process, which [does not] determine
the cause but only [some intervening matter relating thereto];
one that [is not] directly appealable; B) A Fine of $250,000.00;
C) Five Years Probation; and C) For Plaintiff to [have nothing
to do with anyone's taxes]; ever again; which denied and depr-
ived Plaintiff from pursueing his Lawful Professing Gainley
at $60,000.00.

II.

### JOINT ESTRAORDINARY UNPRECEDENTED APPEALS COURT AND DISTRICT COURT DELIBERATE INDIFFERENCE TO CONSTITUTIONAL GUARANTEES [FACTS]

1.  Plaintiff was aware that "no appeal could be had"
from Judge Owens Intermediate 03/07/86 Order; therefore; in
the alternative, Plaintiff Filed a Complaint of Judicial
Misconduct regarding Judge Owens Seven Arrests Without Probable
Cause; Being Tried in the Wrong Court pursuant to the Juris-
dictional Question involved; and being placed in the Custody of
the U.S. Attorney General [without a conviction]; and denied
a Speedy Trial; before Chief Eleventh Circuit Judge Paul H.
Roney for adjudication pursuant to the provisions of Title
28, U.S.C., Section 351(c) et seq., 364, the Rules of The
United States Judicial Conference.

2.  Chief Circuit Judge Roney held a Hearing before the
[entire Eleventh Circuit Quorum]; with Chief Judge Owens who
sat [in attendance therein]; wherein Plaintiff's Mail Fraud,
Wire Fraud, Alteration of Official District Court Records,
as well as Forgery ("Someone" affixed Plaintiff's name upon

a "Sham Bogus Document" titled [an intent to enter a guilty plea] in incomplete case number 85-16-MAC(WDO), [purportedly done] at night, after court had closed, between 4:57 P.M. on 12/17/85 and 9:00 A.M. on 12/18/85), while Plaintiff was being held without bail in the Jones County Jail by Chief Judge Owens Order entered on 12/13/85, following Plaintiff's Sixth Arrest withour Probable Cause.

3.  Chief Circuit Judge Roney "took [no corrective action against Chief District Judge Owens]"; by stating [the fact] that [no Judge Member of the Quorum] recommended taking any corrective actions against Judge Owens, because:  "Chief Judge Owens promises to [straighten everything out at his discretion per his "rights" as a U.S. District Judge". Id. [EMPHASIS ADDED].  The [fact] that Felonies were committed notwithstanding.  Additionally, Chief District Judge Owens [requested]; and Chief Circuit Judge Roney [granted]; without any opposition from the [Full Quorum]; for [all Motions For Reliefs filed in the Appellate Court by Plantiff ["BE TABLED"]; for [HIM] to adjudicate at his discretion per ["His Rights"] as a U.S. District Judge; Plaintiff's Constitutional Guarantees notwithstanding.

4.  Whereupon, while in the Custody of the U.S. Attorney General, Plaintiff filed a 1986 Complaint for False Imprisonment for $10,000,000.00 with the [unpaid Court Debts totaled $462,000.00 added thereto; for a Combined Total of $10,462,000.00; which Judge Owens sua-sponta denied; and Chief Appeals Court Judge Roney [tabled] for Chief Judge Owens to adjudicate at his discretion, per his right as a U.S. District Judge.

5.   My next step was to find out why the Commissioner
was so "anxious" to put me out of what he termed "The Tax
Business" so bad that he used $300,000.00 of Taxpayers Funds
to Bribe a Tax Court Judge and a District Court Judge in order
to accomplish his mission.   Therefore, while being housed at
the Federal Prison Camp, Big Spring, Texas, I wrote the U.S.
Bureau Of Prisons FOIA/PA Section Administrator who, in
response to my Freedom Of Information Act Request, provided
copies of Chief Tax Court Gerber's "comments and notes", that
were:  A) The Commissioner's "Racially Targeting African Tay
payers who ammased 1100 of my Tax Clients" stating "they were
all Black, Blue-Coller Workers, uneduciated and easily taken
advantage of"; B) Mr. Starling's Barter-Transacted Itemized
Deductions generated too much money being returned into Black
Communities; C) Mr. Starling's "Mobile-Tax-Business" probably
refers to ties with the Mobile Oil Company; and D) Mr. Starling
[obviously] have "White Bosses who work for the Internal Revenue
Service" who "put-him-up" to inquire into the Tax Exempt Barter
Transactions requirements.  Id.  [EMPHASIS ADDED].

6.   Chief Judge Owens "J & C Order and Notes were quite
simpler; his Family Restaurant and Food Mart Business suffered
because of "heavy-tax-liabilities, and since he already led
the entire U.S. Department of Justice in Civil Liability Costs
at that time"; his [cooperation] with the Commissioner's [WISH]
to "circumvent all of Mr. Starling's and His Tax Clients 1980
through 1985 Tax Refunds and Middleman Fees would generate U.
S. Treasury Funds sufficient to "off-set" his Civil Liability
Record with the U.S. Department of Justice."

7.   In 1987, Plaintiff filed a Complaint For Deliberate Indifference To Serious Medical Needs against Chief Judge Owens for another $10,000,000.00; wherein the $10,462,000.00 1986 [unpaid balance] was added thereto for a combined total of $30,462,000.00; the added $10,000,000.00 was for Chief Judge Owens Co-Defendant Judge Duross Fitzpatrick.  The Complaint was; also; sua-sponta denied by Chief Judge Owens, and [tabled] by Chief Circuit Judge Roney for Judge Owens to adjudicate at his discretion, per "his right" as a U.S. District Judge.

8.   The "main provision"; according to Judge Owens notes from the FBOP Administrator; was the [fine]; because Judge Owens "instructions" were for the Prison Officials to "put-me-to work" in UNICOR; a Federal Corporation owned by Federal Judges; so that "Convicted Prisoners" could earn funds to "pay towards their fine imposed.  In Plaintiff's case; Judge Owens ["URGED"] FBOP Officer Supervisors to:  "Tell Mr. Starling that he can gain his immed-iate release [by paying towards] his fine"; thereby providing a basis to construe such payment as a "guilty-as-charged Crime" as well as validate the Commissioner's $150,000.00 BRIBE after-the-fact.

9.   In 1988, Plaintiff filed a Class-Action Complaint that included [all defendants] who [in chain-like fashion] had joined in with Judge Owens RICO Act Chain Conspiract To Commit Tax Fraud; wherein the [UNPAID] 1986 and 1987 Monetary Awards done by Default Judgments pursuant to Fed.R.Civil P.55; as well as loss of Annual $60,000.00 Salary for Three Years; which; when added to all Other Monetary Awards totaled $190,642,000.00 at that time; plus added interests of $11,408,520.00; for combined $202,050,520.00 Total due and payable.  Additionally, the 1100

Tax Clients executed a Notarized Assignment Affidavit in Judge Owens Court; wherein Authorized Plaintiff to maintain and collect [ACCRUING PAYMENTS] of Annual Revisions by Seventy-Five-Percent (75%) of all [UNPAID BALANCES HENCEFORTH] pursuant to the safe-guard provisions in I.R.C. Title 26, U.S.C.A., Sections 7201 and 6653(b); in the [SAME MANNER] done by the IRS.

III.

UNILATERAL DELIBERATE INDIFFERENCE TO
U.S. CONSTITUTIONAL GUARANTEES

1.  Plaintiff was forced to remain in the custody of the U.S. Attorney General for the entire Five Years ["For Not"] "cooperating with Judge Owens self-incrimination plan" and make payments towards the Fine Imposed pursuant to the Inter-mediate Order entered in Open Court on 03/07/86; therefore; on 04/21/91, plaintiff was "releases on Probation" for Joint extraordinary ND/GA, Atlanta Division, and MD/GA, Macon Division Probation Officers supervision.

2.  From 1991 through 12/21/94, ["NEITHER PROBATION OFF-ICER"] was able to coerse, deceive, intimidate, or threats by arrests any payments towards the Fine.  As such, plaintiff was; ["AGAIN ARRESTED WITHOUT PROBABLE CAUSE"] for a Seventh time at plaintiff's Home Of Residence Address 2241 Browns Mill Road, S.E., Atlanta, GA; and transported to Court by Two Federal Marshals upon Warrant Issued by Judge Owens for (SIC) Probation Violation "refusing to acknowledge and pay-toward Fine".

3.  During the question-and-answer coloquy between plaintiff and Judge Owens, Judge Owens asked plaintiff:  "Mr. Starling, why [haven't] you paid towards the Fine I imposed? Just obstinant?"

To which plaintiff replied:  "[N]o, Your Honor, because I'm
[STILL INNOCENT OF ALL CHARGES] by your Open Court 12/16/85
and 12/17/85 "insufficient" and "not probative" [HOLDINGS];
plus ["YOUR COURT OWES ME AND MY 1100 PREVAILING PARTY TAX
CLIENTS $202,050,520.00 [FROM YOUR UNCONTESTED 1986, 1987 and
1988 DEFAULT JUDGMENT AWARDS"; whereupon plaintiff "Presented
[HIM] with a Motion For A Final Judgment Order, wherein stated
[The Granting thereof] would [LAWFULLY CLOSE] Incomplete Case
Number 85-16-MAC(WDO) [AT THAT OPEN COURT HEARING]".  Id.
[EMPHASIS ADDED].

4.   However, Judge Owens response was:  "Well, be that as
it may, Mr. Starling, I'm [STILL] going to find you [GUILTY]
of Probation Violation and [SENTENCE] you to Three Years in
the custody of the U.S. Attorney General." Id. At [NO TIME];
during plaintiff's [FINAL] Open Court 12/21/94 Hearing; [DID
Chief Judge Owens [DENY "THE FACT" THAT "HIS COURT OWED THE
$202,050,520.00 [ACCURUAL DEBTS] owed to Plaintiff." Id.
[EMPHASIS ADDED].

5.   Chief Judge Owens [DROPPED] the [FINE] from his J &
P final Intermediate Order commitment, but [REFUSED] to enter
a Final Judgment Order to Lawfully Close incomplete Case Number
85-16-MAC(WDO); which to date; [REMAINS LAWFULLY INCOMPLETE];
and in 1997, Plaintiff filed a Final Chain-Conspirant Tax Fraud
Complaint for False Imprisonment; Lost Tax Refunds; Lost Middle-
man Fees; Lost Annual Salary; Administrative and Attorneys Fees
pursuant to Prevailing Party status; for TEN MILLION DOLLARS
plus the Accural Annual Revision Seventy-Five Percent (75%)

Added Penalty And Interest, pursuant to Title 18, U.S.C.A., Sections 1961 et seq. and 1962(a) et seq., which Chief Judge Owens sua-sponta denied and the Appellate Court; upon the tasit agreement with Chief Judge Owens; [TABLED] awaiting on remand for Chief Judge Owens to adjudicate at his discretion pursuant to "his rights" as a U.S. District Judge.  Whereupon, Plaintiff Re-Filed the Complaint in Judge Owens Court; following the 90 day waiting period; and [BECAUSE] Chief Judge Owens [TOOK NO TYPE OF DEFENITATIVE ACTION]; the 1997 Complaint; which integrated the 1986, 1987, and 1988 Monetary Awards; [ALL] Monetary Awards were [GRANTED] to Plaintiff by [DEFAULT JUDGMENT] pursuant to Fed.R.Civil P.55.

6.  However, from 1997 until Judge Owens left Office due to the "age limit provision"; he [REFUSED] to enter a [FINAL JUDGMENT ORDER WITH NOTIFICATION THEREOF SERVED UPON PLAINTIFF] but; ["INSTEAD"]; left the Incomplete Case Number 85-16-MAC(WDO) for ["HIS SUCCESSORS TO LAWFULLY CLOSE"]; which "Successors are Current Chief Judge C. Ashley Royal and Senior Judge Hugh Lawson and a New Successor Chief Circuit Court Judge which currently is Ed Cairns; who; along with Circuit Judge Marcus; have aided and abeted Chief Judge Royal and Senior Judge Lawson; since 2007; in the [VERY SAME MANNER] as was done by former Chief Circuit Judge Roney with Chief Judge Owens and Judge Fitzpatrick ["IN FURTHERANCE OF JUDGE OWENS CHAIN-CONVICTION TO COMMIT TAX AND JUDICIAL FRAUD"]."  Id. [EMPHASIS ADDED].

7.  Plaintiff's ["FACTS"] in support of current Chief Judge Royal's and Senior Judge Lawson's [UNILATERAL ACTIONS] are "The Fact that "The Case (Incomplete Case Number 85-16-MAC(WDO)) has

been closed"; without any Credible Evidence in support thereof; and "Mr. Starling is a [frequent litigator in [this district]. Indeed, this is the fifth lawsuit Mr. Starling has filed against the fourth United States District Judge in the Middle District of Georgia. In [these suits], Mr. Starling [contends] this district owes him [millions of dollars] resunting from judicial misconduct [in his criminal conviction in 1985]". Id. [EMPHASIS ADDED]. Again; [WITHOUT ANY CREDIBLE EVIDENCE] of "ANY OPEN COURT 1985 CONVICTION RECORD".

8. This "Feigned Basis" defense for ["NOT PAYING PLAINTIFF" THE LEGITIMATE COURT DEBTS OWED BY DEFAULT JUDGMENT AWARDS]; is ["IN FACT"]; ["NO DEFENSE AT ALL"]. ["T"]"he FACT that this feign issue defense have been [ERADICATED] by [PLAINTIFF] with Valid 1985 Open Court Trial Transcript Records [THAT SUBSTAINTS "THE FACT" THAT THERE "IS NOT"; AND "NEVER WAS" ANY "OPEN COURT 1985 [CONVICTION] NOTWITHSTANDING]". Id. [EMPHASIS ADDED].

9. Moreover, there are "No Factual Basis" and "No Legal Basis" for the U.S. District Court, MD/GA, Macon Division, to [interfere with This Court's Adjudications with the Complaint Claims herein presented]; the "Fact" that presenting a defense whether or not valid notwithstanding.

IV.

RELIEFS SOUGHT

1. Plaintiff have "abided by all of the Rules of Law" by honoring and respecting "The Rights Of All District Court Judges in Incomplete Case Number 85-16-MAC(WDO)"; until all of those "rights" were properly observed and expired with the time-limita-tion of Intermediate Order Expiration; without any attempts to

circumvent or disrespect those rights.

2.   Plaintiff "have prevailed" in U.S. Tax Court as the Prevailing Party in the 1100 Docketed Tax Client Cases; as well as "have prevailed" in U.S. District Court, MD/GA, Macon Division, as the Prevailing Party in the same 1100 District Court Criminal Case Number 85-16-MAC(WDO); wherein Monetary Awards have been Adjudicated by Default Judgments "in All 1100 Cases; as well as Other Monetary Awards.

3.   All of Plaintiff's Civil Action Complaints have been Properly Served upon All Defendants; as the Court Records verify; and [NONE] of the Complaints were [CONTESTED]; as the Court Records also verify.

4.   Plaintiff's ["Right-To-Sue Notifications"] are an Affidavit and Letter from the Commissioner of Internal Revenue, one of the Convicted Tax Fraud Chain-Conspiracy Members; that are attached to the Complaint herein pursuant to This Court's Instructions.

5.   The Total Final Reliefs Sought is $2,548,698,237.00; and the Authority for Plaintiff to Receive the Full Amount for All Tax Clients named therein is also by Notarized Affidavit executed in Judge Owens Court; which is also attached hereto.

V.

STATEMENT OF JURISDICTION

This Honorable Court has Jurisdiction pursuant to Title 28, U.S.C.A., Section 1251 et seq. Jurisdiction Quasi In Rem to Grant Plaintiff's Return Of Property Awards Sought herein.

VI.

JURY TRIAL DEMANDED

Plaintiff is of the Opinion and Belief that A Dispostive Motion is sufficient to address and resolve any Issue(s) that may be raised by Defendant; if Defendant "is going to be honest in said Issue(s)"; therefore; to be on the safe side; a Jury Trial is Demanded in the Complaint herein.

Respectfully submitted this 24th day of August, 2015.


*Edward Starling*
EDWARD STARLING
Plaintiff
Pro-Se Counsel


## CERTIFICATE OF SERVICE

This Certifies that a True and Correct Copy of the Complaint herein was Served upon C. Ashley Royal, Defendant herein, by Certified Mail Number 7013 2250 0001 0689 9337, as shown in the Affidavit Of Service pursuant to This Court's Instructions, by depositing same with the U.S. Postal Service with the proper postage affixed thereon, addressed to C. Ashley Royal, 475 Mulberry Street, Macon, Georgia 31201, this 24th day of August, 2015.


*Edward Starling*
EDWARD STARLING
Pro-Se Counsel



STATE OF GEORGIA)
                 )
COUNTY OF FULTON)

### AFFIDAVIT OF DEBT(S) ACKNOWLEDGEMENT

    COMES NOW BEFORE ME; the undersigned NOTARY PUBLIC; is
Joe Ann Swift; who is known to me by first being Duly Sworn;
Deposes and Swears that the following "DEBT(S) ACKNOWLEDGE-
MENT"; heretofore Adjudged and Awarded to Defendant/Plain-
tiff EDWARD STARLING; the Prevailing Party in Criminal Case
Number 85-16-MAC (WDO); brought by the United States Govern-
ment in the Middle District of Georgia, Macon Division, for
Tax Fraud; are the Facts and Truths of the outcome herein-
below, in District Court Default Judgment(s), thusly:

    1.  During and following the Trial Judge's implementa-
tion of an Intermediate Order on March 7, 1986, following
Open Court Trial Proceedings before a seated Federal Twelve
Member Jury on December 16, 1985 and December 17, 1985, in
which the Trial Judge, the Honorable Wilbur D. Owens, Jr.,
Presiding, interrupted his Open Court Trial Proceedings on
[his own] Motion; following his Side-Bar Rulings that all
of the Government's Chief Witnesses Testimony and Evidence
were "Insuccicient" and "Not Probative" to sustain any of
the Government's Charges in the Government Indictment.

    2.  While being held in Federal Custody under the above
stated Intermediate Order; which is one whereby [No Appeal]
can be taken; in an Incomplete Case to coerse harmful info-
rmation from a Defendant for the Government; Mr. Starling
filed Civil Case Number CV-86-484-3-DF (MAC) in 1986 for
$10,000,000.00 (for False Imprisonment); Civil Case Number
CV-87-154-1-WDO (MAC) in 1987 for $10,000,000.00 (For Del-
iberate Indifference To Serious Medical Needs); and Civil
Case Number CV-90-189-3-WDO-DF-JG-C.I.R.(MAC) for 1100 Lost
Tax Refunds; 1100 Lost Middleman Fees; and Lost Salary under
Title 26, U.S.C.A., Sections 6402(2) and 6404(a)(3) where
the Lost Revenues are [Erroneously and Unlawfully withheld]
which totaled $19,980,000.00 at that time.

    3.  Mr. Starling's Final Civil Action Complaint forms
my Final Debt(s) Acknowledgement for the Commissioner, that
were Adjudged and Awarded to Defendant/Plaintiff Mr. Edward
Starling; the Prevailing Party Entitled to Judgment/Settle-
ment Money and Administrative Awards; was CV-97-8036-4 (WDO)
with a Class-Action Civil Action wherein the R.I.C.O. Act's
Continuing Criminal Enterprise, Title 18, U.S.C.A., Sections

Page 2 of 3 pages.

1961 and 1962(a) envoked due to Mr. Starling's forseen actions
of "Purpeful Obstruction(s)" of Adjudged 1986, 1987, 1988 and
1997 Claims being paid; as a matter of law; wherein "further
and other future Defendants come in-and-out of the Continuing
Criminal Entripise"; which totaled at that time $179,820,000.
00 plus another $200,000.00 in Administrative Costs, for a
combined total of $180,020,000.00.

    4.  I became involved in Mr. Starling's Prevailing Party
Money Awards in my Official Capacity as District Manager,
Receipts And Control of Public Revenues (the Income which a
Government Agency (in my case the I.R.S.) Receives into the
U.S. Treasury, and is Appropriated for the Payment(s) of Its
Debt(s)/Expense(s); and was a named Co-Defendant in the Case
(s) in reference heretofore, because I was seated in Atten-
dance in the U.S. Tax Court as directed by the Commissioner
when the Bribes of $342,000.00 of Taxpayer Funds were paid to
the Tax Court Judge; the District Court Judge; and the U.S.
Prosecutor; and it was my Responsiblity for accounting for
these said Taxpayer Funds.

    5.  My "Debt(s) Acknowledgement of the Debtor's (the I.
R.S. Commissioner's Debt(s)"; in my Official Capacity for the
Internal Revenue Service; acting upon Mr. Starling's "Demands
or Rights of Payments from my Official Office"; which could
not; and can not; be Paid-In-Full without the Commissioner's
Approval; [serves as Mr. Starling's Annual Revision Clause
entered in his Lawsuit(s)"; in accordance with his pointed-
out Title 26, U.S.C.A., Section 6653(b); whereby he "imposes"
as and "revises the enforcement of Debt(s) barred by the
stature of limitations; which [tolls] the statute of limita-
tions" because of this  Voluntary Form of "Acknowledgement
of the Commissioner's Guaranty Debts and Judgment Debts owed
to Mr. Starling for Himself and for His 1100 Tax Clients".

    6.  These "Formal Declarations made voluntarily before
Notary Public Frisch"; are Free Act(s) and Deed(s); also
Acknowledges the Fact that Mr. Starling learned from after-
the-fact information about the BRIBES PAID to put him out of
the Tax Business per the Freedom Of Information Act, Title
5, U.S.C., Section 552 et seq., which "[were not]" within
one of the specific catagories of Matters Exempt from Public
Disclosure.

    7.  The facts are that I have "first-hand-knowledge and
recollections" of the Trial Judge's December 16, 1985 and
December 17, 1985 "Open Court [exonerations of Mr. Starling
of All Counts for which he was on trial for by his Side-Bar
Rulings"; and his "self-imposed singular Judge, Jury, and
Prosecutor in a Bench-Trial Fashion while sitting in his
Chambers [as a PERSON, not as a Judge], entitled Proceedings
In Chambers on December 18, 1985"; because I was present at

Page 3 of 3 pages.

and during all of the actions and dates-in-reference herein
[in "compliance" with the Commissioner's Instructions] to
ascertain first-hand-that "the Agency got what It had Paid
For" in-full, and "It's [Moneys Worth from all of the Tax
Court [Bribes Distributions Paid on March 11, 1985".

    8.   To Mr. Starling's [credit]; for the time periods of
from 1978 through 1984; my Atlanta Branch Office and in my
Official Capacity as the Manager of Receipts and Control; an
[Outstanding working relationship was maintained] between us
during his Recuperations Processes of Tax Refunds for His Tax
Clients for which His Middleman-Fees attached thereto under
Notarized Assignment Affidavits in-keeping with his In-Good-
Standing Enrolled Agent With The Internal Revenue Service
Offical Capacity Record.

    9.   It is [in this Regard] that I [Attest] to the Actions
and Authentic Copy of the Notarized Assignment(s) Affidavit
that contain the Certified Names of his 1100 Tax Clients that
are presented therein in reference(s) to his 1986, 1987, 1988,
and 1997 Complaints; who are known to me through his past I.
R.S. Business Deeds done through my Atlanta Branch Office for
Them.

    FURTHER Affiant Saith Not.


_Joe Ann Swift_

JOE ANN SWIFT, Manager
Receipts and Control
Internal Revenue Service
Post Office Box 901
Atlanta, Georgia    30370

Subscribed and Sworn to before me, the undersigned Notary
Public, this 12th day of February, 1999.


_Meredith J. Frisch_

MEREDITH J. FRISCH
Notary Public
My Commission Expires on
July 23, 2003



        February 26-1999          _Karleen McNabb_
For the Court-by direction:
                                 Deputy Clerk

**Internal Revenue Service**

District
Director

Mr. Edward Starling
Post Office Box 6746
Atlanta, GA    30315

Subject: Debt-Claims Payments
         Source.

Department of the Treasury
Atlanta Processing Center
401 W. Peachtree St.,NW
Atlanta, Georgia   30308

Person to Contact:
Julie M.T. Walker, Attorney
Telephone Number:
404/221-6073
Refer Reply To:
Manager, Claims Management
Date:
February 10, 2012

Dear Mr. Starling:

This letter addresses and resolves your Payment Source
Inquires to the U.S. Department of Justice Branch (2009);
Commissioner Shulman's Office (2011); U.S. Attorney General
Holder's Office (2011); and U.S. Department of the Treasury
Garnishment Department (2012) for your Assignment Affidavit
Payments Due and Payable by Default Judgments from the IRS
from your successful Annual Tax Fraud Monetary Awards that
date back as for as 1980.

Commissioner Douglas Shulman has authorized me to Act
in my Official Capacity as District Director, Internal
Revenue Service, Atlanta Regional Office, Atlanta, Georgia
30308, to disclose on his behalf, since he is one of the
Convicted Defendants in your Class-Action Civil Action Tax
Fraud Complaints and he cannot be involved in any Payments
Transactions; that the U.S. District Court for the Middle
District of Georgia, Macon Division, Case Number 85-16-MAC,
Chief U.S. District Court Judge Wilbur D. Owens, Junior's
Court preciding; where you went to Court and where all of
your Claims were filed and Adjudged; albeit by the Default
Judgment route; by Pre-Joint Internal Revenue Service, U.S.
Tax Court and U.S. District Court Agreements; that Chief U.
S. District Judge Wilbur D. Owens, Junior's Court shall be
the correct-proper Designated Liability Payment-Resolution
Source; due to the fact that all retained U.S. Tax Court's
Notice of Deficiency Funds; Et cetera; were Transferred to
that Court's Care and Control Account.

Sincerely,

Tully Miller
District Director

RECEIVED
CLERK'S OFFICE

2015 MAY 28 AM 8: 50

U.S. DISTRICT COURT
MIDDLE DIST. OF GEORGIA
MACON, GEORGIA

FILED
at 10:25 AM

AUG - 8 1988

Deputy Clerk, U.S. District Court
MIDDLE DISTRICT OF GEORGIA

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

EDWARD STARLING, ET AL.,                    )
                                            )
        Plaintiff,                          )
                                            )
    vs.                                     )        Civil Action/Class-Action Number:
                                            )                8:96-cv-484-3 (DF)
WILBUR D. OWENS, JUNIOR,                     )
JUNIOR, ET AL.,                             )
                                            )
_____                )

## ASSIGNMENTS AFFIDAVIT

COMES NOW ARE the Tax Clients of Edward Starling, who are the ET Al.
referred to hereinabove, and whose names and signatures are presented at
the end of the stipulated statements that follow hereinbelow, thusly:

1. Our executed Contracts made with Mr. Starling in 1980 which we
consider to be binding and enforceable by all parties for him to:   (a)
cause to be by forming, fashioning, and finalizing Barter Transactions
in Tax Free exchanges of Charitible Contributions with our Churches and
bonafide Religous Organizations pursuant to Title 26, U.S.C.A., Section
6045(c)(3); (b) to prepare our income tax returns pursuant to Title 26,
U.S.C.A., Section 6107; (c) to utalize Barter-Transacted Itemized Deduc-
tions for us as Tax Customers of his pursuant to Title 26, U.S.C.A.,
Section 6045(c)(2) per the authorized limitations therefor under Title
26, U.S.C.A., Section 170 et seq., and (d) to make Representation Appear-
ances before any and all Internal Revenue Service Tax Audits pursuant to
Title 26, U.S.C.A., Form 2848 Power of Attorney and Declaration of Rep-
resentative, and before the United States Tax Court for any necessatiated
Petitions for Redeterminations of the Commissioner's Findings, before
the District Courts and Appeals Courts under Durable Power of Attorney
with full authority which will become and remain effective permanently
pursuant to Uniform Probate Code Section 5-501.

2. This Assignment Affidavit is executed in Contract-Made-Over
fashion because of our original contracts agreement to pay for the Costs
and Fees of Mr. Starling's Barter-Brokered and Middleman services pursuant
to Title 26, U.S.C.A., Section 6045(c)(1)(C) and 6213(a) for filing timely
Tax Court Petitions, that we, his Tax Customers, would pay him for the
trusts in us to utalize a portion of our Federal Refund Checks when we
received same from the United States Treasury Department.

3. All of our financial obligations to Mr. Starling were timely
made until the utalization of Barter Transacted Itemized Deductions were
challenged in the United States District Court, for the Middle District
of Georgia, Macon Division, Criminal Case Number 85-16-MAC(WDO), which
presented an unforseen delay in the receipt of said income tax refund
checks until all of the Issues presented against "Us and Mr. Starling"
were resolved, which were "Substantiation of Itemized Deductions" only
in the Notice of Deficiency Letters from the Commissioner.

4. Both the Internal Revenue Service Employees and the District Court Officials ascertained from our summoned persons and tax records in interviews during pre-trial conferences, that Our Tax Refunds totaled an average of $4,500.00, individually, without the assistance and presence of Mr. Starling as we had requested in each instance, and we were free to leave, but for Us to return for the trial proceedings.

5. All of our incurred expenses pursuant to the unforseen occurances were absorbed by Mr. Starling, which We decided to include in our already owed debts to him for his Professional Expertise shown, upon the receipt of our tax refunds from the United States Treasury. As such, Mr. Starling now has a vested interest in our tax refunds because, as we see it, he is considered to be part-owner thereof, and will be paid when we receive the said Tax Refunds.

6. We witnessed the two-day Open Court Trial by Jury against Mr. Starling and the value of his professional Tax expertice were demonstrated in his instructions to his retained attorney on: (a) how to cross-examine the Governments Chief Witnesses under oath; (b) to apply the facts to the testimony of the said witnesses; and (c) to challenge the accuracy of the Jencks Act Materials that allegedly applied to him.

7. The Trial Judge declared "all charges" and "sworn testimony" from the Government's Evidence and Chief Witnesses Testimony to be "insufficient" and "not probative" at the end of the two day trial period, with instructions "for everyone to return to court the next day" which would have been 12/18/85 but on 12/18/85, the court was closed without any jury verdict rendered or no on-the-record plea deal presented.

8. On 01/10/86, Mr. Starling filed a Motion For A Ruling for the Trial Judges findings in Open Court on 12/16/85 and 12/17/85, with a showing of all of our Tax Court Cases Docket Numbers along with our signed Power-Of-Attorney authorizations affixed thereto. In response to Mr. Starling's said Motion, the Trial Judge simply states:  "---the Court---has no authority---no jurisdiction---to act on any Tax Court Cases---therefore the Court cannot respond to your Motion.

9. On 03/07/86, the Trial Judge entered an Intermediate Order against Mr. Starling, without a conviction for any crime, and ordered him to be held by the Federal Authorities indefinitely. As such, because were we were denied access to Mr. Starling's Tax Professional Expertises, the Internal Revenue Service Employees whose sworn testimony had been declared "insufficient" to deny Us anything, preyed upon Us thru threats (if you persist with your Tax Court Petitions we will see that you wind-up like Mr. Starling); intimidations (not only will you loose the tax refunds in question, but we will go after your banking accounts, savings accounts and your mortgages); deceipts (Mr. starling can't help you because he is banned from any further tax business forever); and intimidations (all of your tax returns henceforth will be audited in the entire future).

10. As such, We participated with the Class-Action/Civil Action Lawsuit herein for the Return of Our stolen/seized Tax Refunds with the assistance and cooperation of Mr. Starling pursuant to Title 26, U.S.C.A., Sections 6402(2) and 6404(a)(3), where the tax is erroneously or illegally assessed to deny legitimate tax refunds, for which Mr. Starling paid all of the filing fees, court costs, and his attorney's advice and assistance costs and fees for Us as well as for himself.

11.  Although we have been kept abreast of everything that the Trial Judge did to aid and abbet the Commissioner with several extreamly used abuses of discretion actions to evade tax liability from 1988 thru the time of this Assignment Affidavit filing, we have been provided with four (4) Default Judgments for the payments of adjudicated District Court and Appeals Court Default Judgments, Judgment and Mandate from the Appeals Court, the Commissioner still refuses to apply the added 65% tax penalty to our $4,500.00 tax refunds, annually, from 1980 thru the present time with a longivity clause therefor "until all tax refunds are paid" after the date of the filing of this Assignment Affadivit.

12.  For the reasons stated herein, and indications for the need of Other and Further need therefor, our affixed signatures that follow allow and permit this voluntary action to be perpetual for Mr. Starling, for all purposes:

(COUNTY  OF UPSON)
(                                 )
(STATE OF GEORGIA)

Robert L. & Yolande Copeland; Flossie Willis; Worthy & Annie G. Tolbert;
Charles U. Whatley; Calvin & Sarah Hudson; Willie C. Hudson; Julius W. &
Allie S. Thomas; Kenny Carter; Edward & Virginia A. Starling; Ricardo C.
Ryans; Vera Whatley; Robert L. Hartsfield; Charles & Gwendolyn Parks;
Florence C. Willis; Shepherd D. & Mary A. Mims; Bennie C. Cook; Sallie
M. Simmons; Margaret S. Hartsfield; Chester R. & Rosie K. Sledge; Todd A.
Tolbert; Willie L. Wilkins; Christopher Worthy; Bertha L. & Robert L.
Walker; Jo Eleven Quiller; Michael & Maryette C. Johnson; Lucius and
Earnestine Brown; Pat & Mary Brazier; Bob Watson; Earnestine Watson;
Mary Watson; Anne R. Lewis; Jeanette Skelton; Anne Pringle Manes; Danny
Ray Hartsfield; Martha W. Ogletree; George & Alma Character; William L.
& Doris R. Wells; James Harris; Clarence Pennyman; Taylor & Geraldine Hollis;
Jackie Walker; Harry Parker; Sherman & Earnestine Sullivan; Billy Ray Sullivan;
Jamie L. & Jeanette Skelton; Charlie Worthy; Allene W. Prater; Ola Mae Walker;
Geraldine W. Henry; James & Brighty Jackson; Kenneth Gore; Audra Brown;
Jamie Woodard; Calvin & Pat Ivey; Kathy Marshall; Linda Street; Clarence Mack;
George & Linda T. Holland; Robert L. & Lilly R. Myles; Linda Jean Glass;
Leonardo S. Burton; Curtis Bradford; Marvin Swift Junior; Marvin Swift Sr.;

Diane P. Banks; Karim S. Jones; Robert Holloway; George & Sandra T. Trice;
George Trice, Junior; Kenny & Jackie Hollis; Doris D. Kendall; Brenda Bell;
Diane Kendall; Shirley Walker; Shenika Walker; Shaner Walker; Betty Holy;
Edna M. Drake; Reginald Drake; Rita Drake; Shenika Walker; Charlie Worthy;
Jimmy & Metra Lyons; Lynn Perry Carter; Sheila Talley; Vickie Talley;
Hubert & Gwendolyn Champion; Sheila Jones; Edward O. Risper; Bennie F. Traylor;
Betty Walls, Christie Walls; Fred Webb; Kim Webb; Vee Webb; Linda E. Thompson;
Brighty Webb; Roosevelt & Gloria F. Willis; Johnny C. & Laura A. Parks;
Carella M. Hudson; Shirley Hollis; Shelia M. Williams; Jack Lockhart;
Geraldine Hollis Searcy; "Buster" Hollis; Gail Hollis; Freddie Hollis;
James & Betty J. Colbert; Dexter Colbert; and Evelyn & James Harris.

Moreover; this completes the necessated Assignment Affidavit for all Cross-Reference purposes pursuant to Title 26, U.S.C.A., Section 6422, 6627 and 6230 Tax Motivated Transactions herein.

Further Affiants saith not.

Subscribed and Sworn to before me, the undersigned Notary Public, this 25th day of July , 1988.

Meredith J. Frisch. My Commission expires on 06/16/1992.

4.